Ron NOWAK, Jr.; Bill Foy; Wade Barnhart; Rick Binyons; John L. Enright; Steve Holly; Roy Michael; John Mikulich; Derrick Pearson; Dan Santoni; Joe Thompson; Stephen Wahl; John Howell, Plaintiffs–Appellants,

v.

CLARK COUNTY, a Nevada political subdivision, Defendant–Appellee.

No. 06–16166.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2008.

Filed May 1, 2008.

Harold P. Gewerter, Esq., Harold P. Gewerter, Esq., Ltd., Allen Lichtenstein, Esq., Kristina S. Holman, Esq., Las Vegas, NV, for Plaintiffs–Appellants.

Carolyn C. Campbell, Clark County District Attorney's Office, Criminal Division, Las Vegas, NV, Eva Garcia–Mendoza, Esq., Luther M. Snavely, Esq., Garcia–Mendoza & Snavely Chtd., Las Vegas, NV, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and OTERO,* District Judge.

MEMORANDUM **

There's no evidence that covert videotaping of police locker rooms was a "longstanding practice or custom which constitutes the standard operating procedure" of Clark County. *Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir.2005) (internal quotation marks omitted). Nor have plaintiffs set forth any facts to show that Chief Broderick, "as a matter of state law," had "final policymaking authority" over covert videotaping of the locker room. *Id.* And although Broderick consulted with Glenn Towbridge and Barbara King as to the installation of the camera, plaintiffs waived any argument that Towbridge or King had final policymaking authority over the Park Police as a matter of state law by not raising this issue before the district court. Plaintiffs have therefore not shown a material dispute of fact as to whether Clark County is liable for Broderick's actions under *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**AFFIRMED.**

---

* The Honorable S. James Otero, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.